UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
FILE NO. 1:20-cv-00185

| | |
|---|---|
| SAMSUNG FIRE & MARINE INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD UNDERWRITERS INSURANCE COMPANY, <br><br> Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

**COMES NOW** Plaintiff Samsung Fire & Marine Insurance Company, Ltd. ("Samsung") by and through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, and alleges and says as follows:

## PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. § 2201, Samsung seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under certain policies of insurance issued by Samsung and Defendant Hartford Underwriters Insurance Company ("Hartford") that provide insurance coverage to RS Braswell Company, Inc. ("Braswell"). Samsung defended Braswell in a state court lawsuit styled as *Clinton Hicks v. R.S. Braswell Co., Inc.*, case number 18-CVS-1223 in the Superior Court Division in Surry County, North Carolina (the "Lawsuit"). Through this action, Samsung seeks a declaration that that the Hartford policy is primary to Samsung's policy and that Hartford owed Braswell a duty to defend in the Lawsuit such that Hartford, and not Samsung, in

responsible for Braswell's defense costs and for funding Braswell's settlement of the lawsuit up to the amount of its policy limit.

## JURISDICTION & VENUE

2. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the Plaintiffs and Defendant and the amount in controversy exceeds the sum of $75,000.

3. This action properly lies in the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this declaratory judgment occurred in this judicial district. Specifically, the underlying lawsuit that forms the basis for this declaratory relief action took place in Surry County, North Carolina, which is located within this judicial district, and the rights and duties that Samsung would have this court adjudicate are therefore located in this district.

## THE PARTIES

4. Samsung is, and at all times mentioned herein was, a foreign insurance company organized and existing under the laws of the Republic of Korea and operates its principal place of business in Seoul, Republic of Korea. At all times relevant to this action, Samsung was authorized to transact the business of insurance in the United States and in the State of North Carolina.

5. Upon information and belief, Defendant Hartford is a corporation duly organized and existing under the laws of the State of Connecticut and operates its principal

place of business in Hartford, Connecticut. Upon information and belief, Hartford is, and was at all times relevant to this action, authorized to transact the business of insurance in the State of North Carolina and the Commonwealth of Pennsylvania.

## FACTS

### A. The Samsung Policy

6. Samsung issued Commercial Policy number CPP 0065438 00 to Braswell and Braswell Bobcat effective for the policy period of April 15, 2016 to April 15, 2017 (the "Samsung Policy"). The Policy contains various commercial coverages, including general liability, automobile liability, and employer's liability. The commercial general liability coverage includes a liability limit of $2 million per occurrence and a general aggregate limit of $2 million.

7. A true, accurate, and complete copy of the policy is attached as **Exhibit 1**, and is incorporated by reference in this Complaint.

8. The Samsung Policy contains the following conditions regarding priority of insurance:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
> * * * *
> **4. Other Insurance**
> If valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
> **a. Primary Insurance**
> This insurance is primary except when Paragraph **b.** below applies. …
> **b. Excess Insurance**
> **(1)** This insurance is excess over:

3

    **(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:
  * * *
    **(iv)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury and Property Damage Liability.
 * * *
 **(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
 **(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
  **(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
  **(b)** The total of all deductible and self-insured amounts under all that other insurance. …

### B. The Hartford Policy

9. Upon information and belief, Hartford issued Business Auto Policy number 44 CSE C73322 to East Penn Manufacturing Co. ("East Penn") effective for the policy period of June 1, 2016 to June 1, 2017 (the "Hartford Policy"). The Hartford Policy includes a $2 million limit for each accident involving a covered automobile.

10. Attached as **Exhibit 2** is, upon information and belief, a true, accurate, and complete copy of the Hartford Policy, and is incorporated by reference in this Complaint.

11. Upon information and belief, the Hartford Policy contains the following insuring language relevant to the Braswell claim and this action:

4

## PART I – WORDS AND PHRASES WITH SPECIAL MEANING – READ THEM CAREFULLY

The following words and phrases have special meaning throughout this policy and appear in **boldface type** when used:

A. **"You"** and **"your"** means the person or organization shown as the named insured in ITEM ONE of the declarations.
B. **"We,"** **"us"** and **"our"** mean the Company providing the Insurance.
C. **"Accident"** includes continuous or repeated exposure to the same conditions resulting in **bodily injury** or **property damage** the **insured** neither expected nor intended.
D. **"Auto"** means a land motor vehicle, trailer or semitrailer designed for travel on public roads but does not include **mobile equipment**.
E. **"Bodily Injury"** means bodily injury, sickness or disease including death resulting from any of these.
F. **"Insured"** means any person or organization qualifying as an insured in the WHO IS AN INSURED section of the applicable insurance. Except with respect to our liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or suit is brought.

\* \* \* \*

## PART IV – LIABILITY INSURANCE

A. **WE WILL PAY.**
  1. **We** will pay for sums the **insured** must legally must [sic] pay as damaged [sic] because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto**.
  2. **We** have the right and duty to defend Any suit asking for these damages. However, **we** have no duty to defend suits for **bodily injury** or **property damage** not covered by this policy. **We** may investigate and settle any claim or suit as we consider appropriate. Our payment of the LIABILITY INSURANCE limit ends our duty to defend or settle.

\* \* \* \*

D. **WHO IS AN INSURED**
  \* \* \*
  2. Anyone else is an **insured** while using with **your** permission a covered **auto** you own, hire or borrow except:
    \* \*

5

    **c.**  Anyone other than **your** employees, a lessee or borrower or any of their employees, while moving property to or from a covered **auto.** …

\* \* \* \*

**PART VI – CONDITIONS**

The insurance provided by this policy is subject to the following conditions:
\* \* \*

 **B.** **OTHER INSURANCE**
  **1.** For any covered **auto you** own this policy provides primary insurance. …
  **2.** When two or more policies cover on the same basis, either excess or primary, **we** will pay only **our** share. **Our** share is the proportion that the limit of **our** policy bears to the total of the limits of all the policies covering on the same basis.

12. Upon information and belief, the Hartford Policy identifies "East Penn Manufacturing Co." as the named insured in item one of the Hartford Policy declarations page.

13. Upon information and belief, the Hartford Policy declarations page displays "1" in the "Covered Autos" section of the form for the Hartford Policy's liability coverage, which corresponds to "Any Auto."

 **C. The Accident and Underlying Action**

14. Upon information and belief, on October 19, 2016, Clinton Hicks was employed by East Penn as a truck driver.

15. Upon information and belief, on October 19, 2016, pursuant to his employment with East Penn, Hicks made a delivery to a Braswell facility located in Kannapolis, North Carolina.

16. Upon information and belief, at the time that Hicks made his delivery to

Braswell's Kannapolis facility, he was driving a truck owned by East Penn.

17. Upon information and belief, after Hicks had completed the task of removing property from the East Penn truck and moving it onto the Braswell premises, Hicks realized that he had not reloaded his powered pallet jack into the truck. Upon information and belief, Hicks had already closed the door to the cargo section of the truck and needed to reopen the truck in order to load the pallet jack. Upon information and belief, when Hicks attempted to reopen the truck, he found that the truck had become stuck to a dock leveler on the Braswell premises.

18. Upon information and belief, Hicks requested assistance from a Braswell employee to remove the truck from the dock leveler. Upon information and belief, a Braswell employee offered to assist Hicks in removing the truck from the dock leveler. Upon information and belief, while Braswell's employee was rendering such assistance, the employee lost his grip on the dock leveler's lever, which sprang forward and struck Hicks in the face. Upon information and belief, Hicks was injured when the dock leveler lever struck him in the face.

19. As a result of the aforementioned alleged events, Hicks filed the Lawsuit against Braswell in the General Court of Justice for the State of North Carolina, Superior Court Division, Surry County on or about September 4, 2018. Hicks asserted claims against Braswell for negligent hiring, supervision, and training, vicarious liability, and premises liability.

20. A true, accurate, and complete copy of the last operative complaint in the

Lawsuit is attached as **Exhibit 3**.

21. Braswell tendered its defense in the Lawsuit to Samsung, which defended Braswell pursuant to a reservation of its rights.

22. During its investigation of Braswell's claim and the Lawsuit, Samsung became aware of the Hartford policy. As a result, on August 15, 2019, Samsung tendered the defense to Hartford.

23. A true, accurate, and complete copy of Samsung's tender letter to Hartford is attached as **Exhibit 4**. The copy of the letter attached as Exhibit 4 does not include its attachments.

24. Hartford responded by letter dated October 29, 2019 agreeing to provide a defense under a reservation of rights. A true, accurate, and complete copy of Hartford's letter is attached as **Exhibit 5**. However, Hartford improperly agreed only to assume the defense on a "going forward" basis. Ultimately, however, Hartford failed and refused to pay any of the costs to defend Braswell in the lawsuit.

25. Samsung responded to Hartford's reservation of rights letter by correspondence dated December 16, 2019. A true, correct, and complete copy of Samsung's December 16 letter is attached as **Exhibit 6**. Samsung demanded that Hartford, as the primary carrier with respect to the Lawsuit, provide for all post-tender defense costs and agree to attend a January 2020 mediation with authority to settle the claims against Braswell.

26. At the January 8, 2020 mediation session, the Lawsuit against Braswell

settled. Samsung paid all of the funds to settle on behalf of Braswell. Hartford did not financially contribute to the settlement fund.

## **FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

27. Samsung restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-26 as though fully set forth herein.

28. This action presents a real, actual, and justiciable controversy that is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

29. Samsung alone defended Braswell in the Lawsuit. Hartford improperly failed to provide for Braswell's post-tender defense.

30. The claims and injuries alleged in the Lawsuit were caused by Braswell's use of a covered automobile. Braswell's use of the covered automobile was with the express permission of Braswell's employee, Hicks. Braswell's use of the covered automobile did not occur while Braswell was moving property to or from the covered automobile.

31. Comparing the claims and allegations alleged in the Lawsuit with the terms of the Hartford Policy reveals the potential for liability on at least one claim covered by the Hartford Policy.

32. Pursuant to the terms of the Hartford Policy, therefore, Hartford owed Braswell a duty to defend in the Lawsuit.

33. Pursuant to the respective terms of the Samsung Policy and the Hartford Policy, the Hartford Policy is primary to the Samsung Policy and the Samsung Policy is excess to the Hartford Policy.

34. Pursuant to the terms of the Samsung Policy, where the Samsung Policy is excess over other primary insurance such as the Hartford Policy, Samsung owed the insured no duty to defend. Due to the presence of primary insurance, Samsung owed Braswell no duty to defend.

35. Pursuant to the respective terms of the Samsung Policy and the Hartford Policy, Hartford was obligated to assume control of and responsibility for Braswell's defense and, subject to the terms, conditions, limitations, and exclusions contained in the Hartford Policy, responsibility for indemnifying Braswell against liability on any covered claim up to the limit of its policy, including but not limited to the settlement paid on Braswell's behalf at mediation.

36. Upon its discovery that Hartford's policy provides coverage to Braswell for the Lawsuit, Samsung promptly tendered Braswell's defense to Hartford. Hartford improperly conditioned its acceptance of Samsung's tender of the defense, creating a controversy surrounding the parties' respective rights and obligations to Braswell under the two insurance policies at issue.

37. Therefore, this case presents a real, actual, and justiciable controversy between Samsung and Hartford. The court may render the requested relief as it will completely resolve the controversy between Samsung and Hartford.

38. Accordingly, Samsung requests that this Court declare the relative rights, duties and obligations of the parties to this action under the Samsung Policy and the Hartford Policy with regard to the respective insurers' obligations to Braswell regarding the Lawsuit. Specifically, Samsung requests that the court declare:

   a. That the allegations of the Lawsuit triggered Hartford's duty to defend Braswell under the Hartford Policy.

   b. That pursuant to the respective terms of the Samsung Policy and the Hartford Policy, the Hartford Policy is primary to the Samsung Policy and the Samsung Policy is excess to the Hartford Policy.

   c. That due to the presence of primary insurance in the form of the Hartford Policy, Samsung owed Braswell no duty to defend.

   d. That pursuant to the respective terms of the Samsung Policy and the Hartford Policy, Hartford was obligated to assume control of and responsibility for Braswell's defense in the Lawsuit from the date of tender.

   e. That pursuant to the respective terms of the Samsung Policy and the Hartford Policy, Hartford is responsible for all post-tender costs associated with Braswell's defense against the Lawsuit.

   f. That Hartford is obligated to indemnify Braswell for the settlement of the Lawsuit and to reimburse Samsung for the same.

## SECOND CLAIM FOR RELIEF
### (Recoupment)

39. Samsung restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-38 as though fully set forth herein.

40. Samsung completely provided for and funded Braswell's defense in the Lawsuit.

41. Because the Hartford Policy is primary to the Samsung Policy, however, Hartford, and not Samsung, owed Braswell the duty to defend. Samsung, per the terms of the Samsung Policy, had no duty to defend in these circumstances.

42. Samsung also completely funded the settlement payment made on Braswell's behalf to resolve the Lawsuit.

43. Samsung, therefore, has conferred benefits upon Hartford in the form of funding the defense that Hartford owes Braswell and funding the settlement made on behalf of the insured.

44. Samsung did not confer these benefits upon Hartford voluntarily or gratuitously.

45. The circumstances are such that it would be inequitable and unjust to allow Hartford to retain the above-described benefits. Samsung owed Braswell no duty to defend under the terms of the Samsung Policy, while Hartford owed Braswell the primary duty to defend.

46. Wherefore, Samsung is entitled to a judgment for reimbursement from Hartford for the amount of defense costs it has expended on Braswell's behalf in defending

the Lawsuit and for the amount of the payment it made on Braswell's behalf to resolve the claims against it as asserted in the Lawsuit.

**WHEREFORE,** Plaintiff Samsung Fire and Marine Insurance Company, Ltd. respectfully prays the Court as follows:

1. That the Court declare the relative rights, duties and obligations of the parties to this action under the Samsung Policy and the Hartford Policy with regard to the respective insurers' obligations to Braswell regarding the Lawsuit as follows:

   a. That the allegations of the Lawsuit triggered Hartford's duty to defend Braswell under the Hartford Policy;

   b. That pursuant to the respective terms of the Samsung Policy and the Hartford Policy, the Hartford Policy is primary to the Samsung Policy and the Samsung Policy is excess to the Hartford Policy;

   c. That due to the presence of primary insurance in the form of the Hartford Policy, Samsung owed Braswell no duty to defend;

   d. That pursuant to the respective terms of the Samsung Policy and the Hartford Policy, Hartford was obligated to assume control of and responsibility for Braswell's defense in the Lawsuit from the date of tender;

   e. That pursuant to the respective terms of the Samsung Policy and the Hartford Policy, Hartford is responsible for all post-tender costs associated with Braswell's defense against the Lawsuit; and

13

Case 1:20-cv-00185-CCE-JLW   Document 1   Filed 02/24/20   Page 13 of 14

  f. That Hartford is obligated to assume responsibility for indemnifying Braswell for the payment made to settle the Lawsuit up to the limit of the Hartford policy, and to reimburse Samsung for that payment;

2. That Hartford be ordered to reimburse Samsung for the amounts it has expended in defending Braswell in the Lawsuit;

3. That Hartford be ordered to reimburse Samsung for the amount of its payment expended to resolve the Lawsuit;

4. That the costs of this action be taxed against Defendant;

5. For a trial by jury on all issues so triable; and

6. For such other and further relief as the Court may deem just and proper.

This 24th day of February, 2020.

      **GOLDBERG SEGALLA, LLP**

    By:  /s/ David L. Brown
      David L. Brown (N.C. State Bar No. 18942)
      dbrown@goldbergsegalla.com
      701 Green Valley Road, Suite 310
      Greensboro, NC 27408
      Telephone: 336-419-4902
      Facsimile: 336-419-4950

      Robert D. Whitney (N.C. State Bar No. 47192)
      rwhitney@goldbergsegalla.com
      421 Fayetteville Street, Suite 1210
      Raleigh, NC 27601
      Telephone: 919-582-0801
      Facsimile: 919-582-0899

      *Attorneys for Plaintiff Samsung Fire & Marine Insurance Company, Ltd.*